IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

_____

DONALD ALLAN RAY DOUGAN,

                Petitioner,

    v.

STATE OF WISCONSIN,

                Respondent.

ORDER

11-cv-193-wmc

_____

       Petitioner, a prisoner at the Waupun Correctional Institution in Waupun, Wisconsin, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He requests leave to proceed *in forma pauperis*. Although petitioner has supported his request with an affidavit of indigency, I cannot determine whether petitioner is indigent for the purpose of filing a § 2254 petition until he submits a trust fund account statement for the six-month period immediately preceding the filing of his habeas corpus petition. *See Longbehn v. U.S.*, 169 F.3d 1082 (7th Cir. 1999).

       Once petitioner submits his trust fund account statement, this court will calculate petitioner's average monthly deposits and his average monthly balances for the six-month period mentioned above. If 20% of the greater of these two figures is $5 or more, he will not be eligible for indigent status and will have to prepay all of the $5 filing fee. If 20% of the greater of these two figures is less than $5, he will be required to prepay whatever portion less than $5 has been calculated.

       Now that petitioner is aware of the formula this court uses in determining whether a prisoner is indigent for the purpose of paying a $5 filing fee, he may be able to figure easily whether he qualifies. If he knows that he will not qualify for indigent status, he may elect to

submit a check or money order made payable to the clerk of court in the amount of $5 in lieu of the six-month statement requested above. In any event, petitioner should act quickly. If, by April 7, 2011 petitioner does not submit either the $5 payment or a trust fund account statement for the last six months, his request for leave to proceed *in forma pauperis* will be denied and this action will be closed.

One additional matter requires comment. Petitioner asks that the court return to him a copy of the petition he filed. On this one occasion, I will return a copy to petitioner with his copy of this order. Petitioner is reminded that he is to retain a copy of his submissions for his own files. The court does not provide free copies of documents to litigants, even those who are proceeding in forma pauperis. In the future, if petitioner wants the court to copy documents for him, he will have to pay for the copies at the indigent rate of $.10 per page.

Entered this 17th day of March, 2011.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge